L. R. (BUTE) STEEN V. THE STATE.

No. 23257. Delivered January 9, 1946.
Rehearing Denied February 20, 1946.

The opinion states the case.

*Scarborough, Yates & Scarborough,* of Abilene, for appelant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the local option liquor laws and fined the sum of $100.00, and he appeals.

It appears from the statement of facts that appellant and another were riding in an automobile in the City of Abilene and attracted the attention of two policemen of that city because of the speed of the car in which they were riding, the companion, Mr. Murry, being the driver thereof. The policemen

came in behind appellant and followed the car for about two and a half blocks. While following the car, the officers saw an arm come out of the right-hand side of the pursued car with a large bottle containing some dark-colored contents, such bottle being thrown on the sidewalk and breaking; again an arm came out of the side opposite from the driver of the car and threw out a small bottle; and again from the same side, a third bottle was thrown out. They stopped the car. J. R. Murry was driving the same and appellant was in the car with Murry and no one else, therein, save these two. When the car stopped, the officers came up to the car and asked appellant what was in the car and he said, "There is not anything in the car"—the officer then saying, "You already throwed it all out?" and appellant answering, "Yes, it has already been throwed out." The officers took both parties to the city hall, and then went back to where they had seen the bottles thrown from the car and there they found the neck of a large bottle with an unbroken stamp over the mouth thereof, with liquid on the sidewalk. The witness tasted the liquid, and testified that it was whisky. They also found one smaller bottle of whisky along the scene of the attempted flight, the smaller bottle also having an unbroken stamp over the neck thereof, the third discarded bottle not being found—the quart bottle being Kentucky Tavern brand, and the small bottle being Bourbon Deluxe brand. At the time the car was stopped, Murry, the driver thereof, said, "That's not mine. It's Mr. Steen's. I am just driving."

There is but one bill of exception in the record. There are no objections to the Court's charge.

The only bill of exception complains because of the fact that George Connell, a representative of the Liquor Control Board, was allowed to detail a conversation recently had with appellant near the city hall, in which conversation appellant asked Connell if he was going to "shake him (defendant) down." The parties talked awhile and finally began talking about rental prices—appellant saying that he paid $50.00 per month rent over at his place and that he also paid $50.00 rental for another place, and finally said, "Well, you will be surprised if you ever find where I keep my whisky." He said, "I have kept it stashed there for two and one-half years. If you ever find it you will say I am a damn liar. I didn't keep it there any two and a half years." Then Connell asked him what he would pay for Old Taylor whisky and Old Grand Dad, and he said anywhere from $100.00 to $107.00. Appellant further said, "I would give

a hundred dollars a case for a hundred cases right now," and that he had Junior Murry and Gaston working for him.

This testimony was objected to because same was claimed to be an independent matter, wholly disconnected with the case on trial, an attempt to impeach the general reputation of the defendant, and inflammatory and prejudicial.

It is observed that appellant was charged herein with the possession of whisky for the purpose of sale and we are of the opinion that such conversation, evidencing the astuteness and shrewdness with which appellant managed to carry on his unlawful business, surely had some weight toward evidencing the purpose for which he possessed this liquor that he saw fit to cast from the fleeing car. We feel sure that this conversation was valuable to the jury in arriving at the motive and purpose of appellant in the possession of this hastily discarded whisky.

The judgment will, therefore, be affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, contends that we erred in the original dispostion of this case in holding the evidence sufficient to sustain his conviction. The basis of his contention seems to be that there was no evidence that the bottles which were thrown from the automobile occupied by appellant and J. R. Murry during the time the officers were pursuing them and which were shortly thereafter picked up by the officers, were the same or identical bottles thrown from the car. The bottles which the officers found on the ground were broken, but the liquor stamps were still over the heads thereof. The ground was damp. The officers smelled it and it carried the odor of whisky. Appellant does not contend that this evidence was not admissible, but asserts that it is not of sufficient weight and probative force to show his guilt beyond a reasonable doubt. The question of its weight and probative force was a matter exclusively within the province of the jury. It was a circumstance from which the jury could reasonably draw the conclusion that the broken bottles found at the place where the officers saw them thrown from the car were the same bottles. That they had contained whisky was also proved by the officers. We do not feel that with the facts here disclosed we would be justified in holding the evidence insufficient to sustain the conviction.

The matter complained of in his Bill of Exception No. 1 and reasserted in his motion for a rehearing was fully discussed in the original opinion, and we see no need to reiterate what we said therein. However, we have examined the same in the light of his motion, but see no good reason for receding from the conclusion reached on the original submission of this case.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.